Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (admitted *pro hac vice*)
chooker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; and **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity,<br><br>            Plaintiffs,<br><br>     v.<br><br>**SKECHERS USA, INC.**, a Delaware corporation,<br><br>            Defendant. | No.  3:15-cv-01741-JE<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR LIMITED, EXPEDITED DISCOVERY** |

1-   PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
     EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION
     FOR PRELIMINARY INJUNCTION AND REQUEST FOR
     LIMITED, EXPEDITED DISCOVERY

21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

In response to the Motion for an Extension of Time (ECF No. 20) filed by defendant Skechers USA, Inc. ("Skechers"), plaintiffs adidas America, Inc., adidas AG, and adidas International Marketing B.V. (collectively, "adidas") respectfully submit this Opposition.

## I.     INTRODUCTION AND FACTUAL BACKGROUND

adidas filed a Motion for a Preliminary Injunction (ECF No. 6, the "PI Motion") on September 15, 2015,[1] to immediately stop Skechers's egregious and wanton infringement of adidas's STAN SMITH Trade Dress, Three-Stripe Mark, and SUPERNOVA Mark (the "adidas Marks"). Even looking only at Skechers's knock-off of adidas's famous STAN SMITH Trade Dress, Skechers's bad faith and the immediate, ongoing harm to adidas's brand are clear.

**adidas's STAN SMITH Footwear**     **Skechers's Stan Smith Knock-Off**

  

Not only are the designs strikingly similar, but Skechers has gone so far as to use the terms "adidas," "stan smith," and "adidas original"[2] in the source code for Skechers's website—so that searching for "adidas stan smith" or "adidas originals" on skechers.com directs consumers to the Stan Smith Knock-Off. (*See* Declaration of Sara M. Vanderhoff, ECF No. 9, ¶ 17.) In addition, Skechers is selling a shoe bearing an *identical* reproduction of adidas's famous Three-Stripe Mark (PI Motion, at 4), and advertising another shoe using the *identical* SUPERNOVA® trademark owned by adidas. (*Id.* at 5.)

---

[1] The PI Motion and its supporting declarations, as well as adidas's Complaint and the other initial filing papers, were served on Skechers on September 17, 2015. (*See* ECF No. 19.)

[2] adidas's "Originals" business offers adidas classics and retro styles, often featuring the adidas Three-Stripe Mark, Trefoil logo, and well-known trade dresses owned by adidas. (*See* Declaration of Brandon Beaty, ECF No. 8, ¶ 7.)

2-   PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR LIMITED, EXPEDITED DISCOVERY

21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Skechers's ongoing sale of these obvious infringements is causing immediate irreparable harm to adidas and its brand. (*See* Vanderhoff Decl. ¶¶ 15-22; Beaty Decl. ¶ 18.) Skechers's response to the PI Motion is due on October 5, 2015, and the PI Motion will be fully briefed by mid-October. Thus, under the normal schedule prescribed by the Local Rules, the Court would be in a position to put a swift end to the irreparable harm being suffered by adidas.

In an obvious ploy to sell through its infringing footwear and render the PI Motion moot, Skechers seeks an incredible *sixty-day extension* that would allow it to continue selling (and profiting from) its knock-off products and continue causing irreparable harm to adidas through the heart of the holiday selling season. In support of its motion, Skechers nakedly asserts that its infringing footwear has been on the market for months; and it claims it needs "limited discovery" which it fails to define, articulate, or provide to adidas or the Court.

adidas does not believe that any extension of time is warranted. Skechers offers no evidence or testimony to support its bare assertions that its infringing footwear has been on the market for months; and, in any event, Skechers cannot rebut plain testimony that adidas only recently learned of the infringing footwear. Moreover, Skechers fails to demonstrate the requisite good cause for a variety of reasons, not the least of which is that it fails to provide the specific discovery requests (or even the basic discovery categories) it claims to need and does not in any way define the scope of the sought-after discovery. Nevertheless, as a matter of professional courtesy, adidas has offered Skechers a ten-day extension of time to respond to the PI Motion, which adidas submits is more than reasonable in light of the ongoing irreparable harm being suffered by adidas.[3]

---

[3] Nearly a week after adidas served the PI Motion, counsel for Skechers (namely, Mark Samuels) contacted counsel for adidas on September 23, 2015, to discuss the briefing schedule. (*See* Declaration of R. Charles Henn Jr. ¶ 4, filed concurrently.) The following day, counsel for the parties conferred by telephone, where Skechers's counsel requested a *ninety-day* extension because they said they had a trial set to begin on November 9. (*See id.* ¶ 5.) On September 25, counsel for adidas notified Skechers's counsel that, as a professional courtesy, adidas would agree to an extension of ten (10) days for Skechers to respond to the PI Motion, but that adidas could not agree to a further extension in light of the egregious nature of Skechers's infringement

3- PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION AND REQUEST FOR
LIMITED, EXPEDITED DISCOVERY

21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

In light of these circumstances, and for the additional reasons discussed below, the Court should deny Skechers's request for a sixty-day extension to respond to the PI Motion, and should instead permit no more than a ten-day extension. A ten-day extension would mean that Skechers's response to the PI Motion would be due by October 15, 2015, which would provide Skechers with 28 days (*i.e.*, a full 4 weeks) after service of the PI Motion within which to respond. That should be more than enough time to prepare and file a response, and any further extension would be manifestly unfair to adidas.

## II. ARGUMENT

adidas opposes Skechers's extension motion for three reasons. First, the extension Skechers requests unjustly would allow it to continue selling its infringing footwear through the busiest selling season of the year. Second, delaying the adjudication of adidas's PI Motion is at odds with the fundamental purpose of seeking a preliminary injunction and would undermine the efficacy of any eventual preliminary injunction the Court enters. And, third, Skechers plainly fails to satisfy the "good cause" standard.

### A. The Requested Extension, If Granted, Would Allow Skechers To Sell Its Infringing Footwear Through The Heart Of The Holiday Season

The sixty-day extension Skechers requests would make its response due November 16, 2015. Following adidas's reply briefing and a hearing, this would mean that Skechers would be allowed to sell its infringing footwear throughout the heart of the holiday selling season, if not until the end of 2015 and into 2016. Such a result would permit Skechers to continue inflicting purposeful and irreparable harm on adidas's brand and some of adidas's core trademarks throughout the busiest selling season of the year without even having to respond to adidas's

---

and the ongoing irreparable harm to adidas's brand being caused by Skechers's infringement. (*See id.* ¶ 6.) Notably, Mr. Samuels is incorrect to state in his recently submitted Declaration that "the reason adidas did not contact Skechers before filing suit was that adidas was retaliating for Skechers having sued a subsidiary of adidas . . . ." (*See* Samuels Decl., ECF No. 21, ¶ 2.) In point of fact, counsel for adidas explained to Skechers's counsel that the highly egregious nature of the infringing footwear, as well as the parties' history, were the reasons why adidas promptly filed suit after learning of Skechers' latest infringing footwear. (*See* Henn Decl. ¶ 7.)

4- PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION AND REQUEST FOR
LIMITED, EXPEDITED DISCOVERY

21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

allegations until mid-November, and without being held accountable until December 2015 or the beginning of 2016—conceivably long after Skechers already had sold through its inventory of infringing footwear.

**B.     A Sixty-Day Extension Would Undermine The Preliminary Injunction adidas Seeks**

The protracted extension Skechers asks for is inequitable and would undermine the efficacy of any preliminary injunction the Court may issue.  "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006) (internal quotation marks and citation omitted); *see also* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2947 "Purpose and Scope of Preliminary Injunctions," (3d ed. 2015) ("Defined broadly, a preliminary injunction is an injunction that is issued to protect plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits.").  If Skechers is able to continue selling its infringing footwear during the busiest selling season of the year, adidas's rights in the adidas Marks will *not* be preserved, but instead will be diluted and weakened by Skechers's intentional infringement.  Moreover, the meaningfulness of any equitable relief the Court might eventually enter will be substantially diminished, if not eliminated completely, because Skechers's sales over the holiday season and potentially into 2016 will have been so substantial.  Indeed, over the course of the next two months (and certainly if it is allowed to sell into 2016), Skechers may well sell through its entire inventory of the infringing footwear.

**C.     Skechers Fails To Meet The "Good Cause" Standard**

Skechers plainly fails to meet the "good cause" standard for the vague "limited discovery" it claims it needs.[4]  To begin with, "expedited discovery is not automatically granted

---

[4] "There is scant authority on the standards governing the availability of expedited discovery before the Rule 26(f) scheduling conference in civil cases." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001).  adidas notes that Skechers cites only California District Court cases, and adidas is unaware of any authority from this Court or the Ninth Circuit holding that "good cause" is the definitive governing standard.  Without therefore conceding that "good cause" is the governing standard, adidas demonstrates herein that

5-    PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
       EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION
       FOR PRELIMINARY INJUNCTION AND REQUEST FOR
       LIMITED, EXPEDITED DISCOVERY
21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

merely because a party seeks a preliminary injunction." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066, 1071 (C.D. Cal. 2009) (holding that the requesting party "has not shown good cause for the Court to grant its motion for expedited discovery"); *see also Dimension Data N. Am. v. NetStar–1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C. 2005) (denying request for expedited discovery in part because "the discovery requested is not narrowly tailored to obtain information relevant to a preliminary injunction determination"); *Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.*, No. 98–CV–2782, 1998 WL 404820, *2–3 (E.D. Pa. July 15, 1998) (denying motion for expedited discovery where movant's discovery requests were "wholly overbroad in scope" and with no "definitive limitations on the scope of the sought-after discovery").

Rather, courts applying the "good cause" standard commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [recipient] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet*, 673 F. Supp. 2d at 1067 (internal quotation marks and citation omitted). Here, these factors weigh decidedly *against* allowing the expedited discovery sought by Skechers.

First, Skechers attacks adidas for seeking a preliminary injunction based on Skechers's assertion that "[t]wo of the products alleged to infringe . . . have been on the market for seven

---

Skechers fails to show good cause and is otherwise not entitled to the undefined "limited discovery" it seeks. And, importantly, it should be noted that since Skechers cannot satisfy the "good cause" standard, it certainly cannot satisfy the *more stringent* standard that has been adopted by other federal courts when evaluating motions for expedited discovery. *See, e.g., Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (applying a four-part test similar to the standard for granting a preliminary injunction, and requiring the party seeking expedited discovery to show (1) without discovery it would suffer irreparable injury; (2) probability of success on the merits; (3) a connection between expedited discovery and avoiding irreparable injury; and (4) evidence that the harm that would result if discovery is denied would be greater than the harm the opposing party would suffer if discovery were ordered).

6- PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR LIMITED, EXPEDITED DISCOVERY

21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

months or more, and the other accused product has been on the market for nearly three months." (ECF No. 20 at 6-7.)[5] But Skechers fails to support this assertion in any way. *See Pink Lotus Entm't, LLC v. Doe*, No. 2:11-CV-03077 JAM, 2012 WL 174971, at *4 (E.D. Cal. Jan. 20, 2012) ("The undersigned is also troubled by plaintiff's failure to substantiate certain claims made in its moving papers"; finding good cause was not shown and denying request for expedited discovery). In contrast to Skechers's absence of evidence or testimony in support of its contention, adidas's witnesses plainly state that "adidas only recently learned of" Skechers's infringing conduct. (*See* Vanderhoff Decl. ¶ 22.) Indeed, adidas brought this action and its PI Motion quickly upon learning of Skechers's infringing footwear.

Second, the discovery Skechers seeks is undefined and, therefore, broad in scope. Skechers offers only vague notions of what would be encompassed in the discovery it seeks. Skechers calls the discovery "limited" but it fails to attach any specific interrogatories or document requests; and what little description it does offer—*i.e.*, depositions of "at least" three adidas witnesses (ECF No. 20 at 5)—suggests expansive rather than limited discovery. In the cases adidas reviewed in preparing this response, parties seeking limited discovery supplied the specific discovery they sought (*e.g.*, particular document requests and interrogatories) with their motions for limited, expedited discovery. The same is true in the cases Skechers cited.[6] This customary practice affords the opposing party and the Court the opportunity to assess the breadth and relevance of the discovery sought. *See*, *e.g.*, *Am. LegalNet*, 673 F. Supp. 2d at 1069

---

[5] Skechers also chastises adidas for not contacting Skechers "to complain about any of the three matters in the Complaint[.]" (ECF No. 20 at 3.) But as adidas has described at length in its preliminary injunction briefing, Skechers repeatedly has, over the course of many years, encroached on adidas's rights in a deliberate effort to infringe them, and adidas's numerous prior, non-litigation efforts to stop Skechers's infringement have proven ultimately to be unsuccessful. (*See* Vanderhoff Decl. ¶¶ 8–19.)

[6] *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 274 (N.D. Cal. 2002) (listing particular discovery sought); *Quia Corp. v. Mattel, Inc.*, No. C10-01902 JF (HRL), 2010 WL 2179149, at *2 (N.D. Cal. May 27, 2010) (evaluating two deposition notices, "seven interrogatories and ten requests for production"; granting in part and denying in part the discovery requests).

7-  PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR LIMITED, EXPEDITED DISCOVERY

21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

(collecting cases). Skechers neglects to follow this practice. As such, Skechers's requested discovery is certainly not "narrowly tailored" and, therefore, must be denied. *Millennium TGA, Inc. v. Doe*, No. 2:11-CV-03080 MCE KJN, 2012 WL 219329, at *3 (E.D. Cal. Jan. 23, 2012) ("expedited discovery requested is usually . . . narrowly tailored"; denying discovery request); *see also Dimension Data N. Am.*, 226 F.R.D. at 532; *Philadelphia Newspapers*, 1998 WL 404820, at *2–3.[7]

Third, adidas strongly suspects that Skechers's purpose is to delay the entry of a preliminary injunction so that it can sell through its inventory (and profit from) its infringing footwear—both directly and as a means of driving consumers to its stores to purchase other Skechers shoes. Skechers does not identify its purpose in seeking discovery. In fact, when Skechers's counsel originally requested a ninety-day extension, they indicated the primary reason was that they had a trial set to begin on November 9, 2015. Curiously, Skechers makes no mention of this in its present motion, thus suggesting that the "limited discovery" it seeks is purely pretextual. Skechers's motion also fails to acknowledge that much of the information relevant to this matter already is in Skechers's possession, custody, or control. For example, only Skechers has documents or witnesses who may testify regarding why Skechers has chosen to design footwear that copies the adidas Marks; and only Skechers has information relating to its decision to use "adidas," "stan smith," and "adidas original" in the source code for Skechers's website.

Fourth, the discovery Skechers seeks would both burden and prejudice adidas greatly. Because the scope of discovery that Skechers seeks is entirely undefined, granting Skechers's motion would permit unfettered discovery on adidas, thereby creating a virtually unlimited burden. Moreover, adidas would be prejudiced by any such discovery because it would delay the

---

[7] Any attempt by Skechers to "sand bag" adidas by attaching proposed discovery requests to any reply brief it might file would be improper and would serve only to further delay this proceeding by compelling adidas to file yet another brief before the Court rules on this extension motion.

8- PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR LIMITED, EXPEDITED DISCOVERY

21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

determination of adidas's PI Motion and the entry of a preliminary injunction, thus allowing Skechers to sell untold quantities of its infringing footwear during the busiest selling season of the year, diluting and weakening adidas's rights and causing it irreparable harm.

Finally, Skechers's timing in bringing this motion does not favor granting its requested extension. Skechers was served on September 17, 2015. Yet Skechers waited nearly a week even to contact adidas's counsel regarding this motion (*see* Henn Decl. ¶ 4), and it waited ***twelve days*** from the time it was served to file its extension motion. Notwithstanding that passage of time, Skechers cannot identify with any particularity the discovery it seeks, much less articulate why the discovery might be relevant to the pending PI Motion. Skechers's actions, therefore, illustrate the dilatory purpose adidas suspects is at the heart of Skechers's present motion.

### III.    CONCLUSION

For the foregoing reasons, the Court should deny Skechers's request for a sixty-day extension to respond to adidas's PI Motion and, instead, the Court should order Skechers to respond to the PI Motion by no later than October 15, 2015 (*i.e.*, a ten-day extension).

DATED: September 30, 2015            **PERKINS COIE LLP**

By: s/ Stephen M. Feldman
    Stephen M. Feldman, OSB No. 932674
    SFeldman@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, OR 97209-4128
    Telephone: 503.727.2000
    Facsimile: 503.727.2222

Attorneys for Plaintiffs

9- PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR LIMITED, EXPEDITED DISCOVERY

21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

R. Charles Henn Jr. (admitted *pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (admitted *pro hac vice*)
chooker@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Attorneys for Plaintiffs

10- PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR LIMITED, EXPEDITED DISCOVERY

21184-0111/LEGAL128084680.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222