**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2121
Facsimile: 503.778.2200

**Daniel M. Petrocelli** (*pro hac vice*)
dpetrocelli@omm.com
**Mark A. Samuels** (*pro hac vice*)
msamuels@omm.com
**Jordan Raphael** (*pro hac vice*)
jraphael@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, Suite 1800
Los Angeles, California 90071
Telephone: 213.430.6000
Facsimile: 213.430.6407

Attorneys for Defendant Skechers USA, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; **ADIDAS AG**, a foreign entity; and **ADIDAS INTERNATIONAL MARKETING B.V.**, a foreign entity,<br><br>Plaintiffs,<br><br>v.<br><br>**SKECHERS USA, INC.**, a Delaware corporation,<br><br>Defendant. | Case No. 3:15-cv-01741-HZ<br><br>Defendant's<br>MOTION FOR CLARIFICATION<br><br>EXPEDITED HEARING AND ORAL ARGUMENT REQUESTED |

PAGE 1 -   DEFENDANT'S MOTION FOR CLARIFICATION

## LR 7-1 CERTIFICATE OF COMPLIANCE

Pursuant to LR 7-1(a)(1), counsel for Defendant Skechers USA, Inc. ("Skechers") hereby certifies that Skechers conferred in good faith with Plaintiffs adidas America, Inc., adidas AG, and adidas International Marketing B.V. (collectively, "adidas") to resolve this dispute prior to filing this motion and was unsuccessful. adidas has represented to Skechers that it does not oppose Skechers' request for expedited hearing of this motion. The parties have agreed that adidas will file its opposition to this motion by March 3, 2016, and that Skechers will file its reply by March 7, 2016.

## MOTION

By this motion, Skechers seeks clarification that the Preliminary Injunction issued by this Court on February 12, 2016 (ECF No. 83) does not prohibit Skechers from manufacturing, distributing, advertising, selling, or offering for sale two versions of the Cross Court TR shoe that were not addressed in the Court's Order or previously put in dispute by adidas. The Skechers shoes bear model numbers 51271 WNV and 51271 BBK and are shown below.

adidas has taken the position that the 51271 WNV and 51271 BBK shoes are covered by the Court's injunction, even though neither shoe was identified or discussed in adidas' Complaint, its briefing papers, or at the preliminary injunction hearing. Moreover, in light of how these shoes would be encountered in the marketplace and the limited scope of adidas' confusion claim on its preliminary injunction—which was restricted only to *post-sale* confusion when the shoes are seen at a distance—Skechers' 51271 WNV and 51271 BBK Cross Court TR models cannot reasonably be characterized as violating any trademark right of adidas. Given the solid color scheme used on these two styles (all white and all black, respectively) and the four to six angled lines of perforations on the sides (depending on the observer's perspective), these two styles have a materially different look than the particular Cross Court TR shoe featured in adidas' motion, which had a contrasting color on the three middle pieces of leather to form an "E." Under the circumstances, it is unreasonable for adidas to assert, particularly without a

PAGE 2 -   DEFENDANT'S MOTION FOR CLARIFICATION

711045.0001/6444900.2

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

survey or other evidentiary showing to the Court, that the all-white and all-black styles are likely to confuse consumers. Accordingly, Skechers respectfully moves the Court to clarify that Skechers' 51271 WNV and 51271 BBK shoes are not within the scope of the February 12 Preliminary Injunction.

## MEMORANDUM

### I. INTRODUCTION AND FACTS

On February 12, 2016, this Court issued a Preliminary Injunction prohibiting Skechers from selling certain footwear challenged by adidas. (ECF No. 83.) One of the challenged shoes addressed in the Court's Order was the Skechers Relaxed Fit Cross Court TR, model 51270 OLBK, depicted below:



(ECF No. 83 at 5.)

On February 15, adidas sent Skechers a letter contending that another Skechers Cross Court TR shoe, the 51271 WNV model (which is all white on the sides), was also enjoined even though it was not addressed in the Court's Order. (Declaration of Mark A. Samuels ("Samuels Decl."), filed concurrently herewith, at ¶ 3.) In subsequent correspondence, adidas asserted that the 51271 BBK model (which is all black) was also covered by the Preliminary Injunction. (*Id.* at ¶ 4.[1]) Neither the 51271 WNV nor the 51271 BBK Cross Court TR shoe was ever identified

---

[1] Although Skechers disputes adidas' assertion that models 51271 WNV and 51271 BBK are subject to the Preliminary Injunction, because the two shoes share the same style name—"Cross

PAGE 3 -   DEFENDANT'S MOTION FOR CLARIFICATION

or accused in adidas' Complaint or motion papers, or at the preliminary injunction hearing. (*See* ECF Nos. 6, 60, and 83.) Indeed, as can readily be seen below, these two styles create a substantially different visual impression in the marketplace, displaying four to six lines of angled accenting perforations, depending on the observer's perspective:



**51271 WNV**



**51271 BBK**

Court TR"— as the enjoined shoe (despite their different appearance on the sides), out of an abundance of caution and without any admission, Skechers has ceased selling and offering those styles for sale in the United States pending the Court's resolution of this motion for clarification. (Samuels Decl. at ¶ 5.)

PAGE 4 -   DEFENDANT'S MOTION FOR CLARIFICATION

Skechers therefore brings this motion, and respectfully seeks clarification from the Court that the 51271 WNV and 51271 BBK Cross Court TR shoes are not within the scope of its Preliminary Injunction.

## II. ARGUMENT

An injunction should "describe in reasonable detail … the act or acts restrained or required." Fed. R. Civ. P. 65(d). The purpose of Rule 65 is to ensure that "those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits." *Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1077 (9th Cir. 2000) (citing and quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 444 (1974)).

It is also well established that courts "should not enjoin conduct that has not been found to violate any law," and that "[i]njunctive relief under the Lanham Act must be narrowly tailored to the scope of the issues tried in the case." *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1116 (9th Cir. 2012). Here, the Court notes in its Order that adidas' preliminary injunction motion sought "to prevent Skechers from selling three different shoes," one of which was the 51270 OLBK model shown above that has a contrasting color on three angled pieces of leather. (ECF No. 83 at 2, 5.) The 51271 WNV and 51271 BBK Cross Court TR shoes were not addressed in the Court's Order. (*See generally* ECF No. 83.) Nor were they ever discussed in any of the preliminary injunction briefing or at the hearing. (*See* ECF Nos. 6 and 60.) Because Skechers' 51271 WNV and 51271 BBK models were not before the Court on adidas' motion, they have not been found to be likely to violate any trademark right of adidas and should not be subject to the Preliminary Injunction. *See Skydive*, 673 F.3d at 1116.

The 51271 WNV and 51271 BBK shoes are also not confusingly similar to any adidas product or mark. The Order states that "similarity" under *Sleekcraft* is a "critical question in the likelihood-of-confusion analysis." (ECF No. 83 at 21 (citation and quotation omitted).) However, similarity is not determined based on an abstract comparison of marks; rather, it must

PAGE 5 -   DEFENDANT'S MOTION FOR CLARIFICATION

711045.0001/6444900.2

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

focus on how the marks "are encountered in the marketplace...." *Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 994 (C.D. Cal. 2002).

The Court found that the side-panel design as displayed on the Skechers 51270 OBLK Cross Court TR shoe was "very similar in overall appearance" to adidas' three-stripe mark. (ECF No. 83 at 22.) Skechers respectfully disagrees with that determination. But it is not the case that the side-panel designs as displayed on the 51271 WNV and 51271 BBK shoes could reasonably be viewed in the marketplace as being similar to adidas' three-stripe mark. adidas does not own a monopoly on all uses of angled stripes on the sides of shoes. And, as shown below, a person observing the side-panel designs of the solid color 51271 WNV and 51271 BBK models would perceive four to six angled lines of perforations, depending on the perspective from which the shoes are viewed. As a result, there is no credible argument that a consumer could perceive the side-panel designs of the 51271 WNV and 51271 BBK Cross Court TR shoes as being closely similar to adidas' three-stripe mark, as the Court determined was the case for the contrasting three pieces on the 51270 OBLK shoe addressed in the Order.



51271 WNV

PAGE 6 -   DEFENDANT'S MOTION FOR CLARIFICATION



**51271 BBK**

The possibility of any confusion based on the 51271 WNV and 51271 BBK shoes is even more remote given the specific type of confusion that adidas has alleged. In its preliminary injunction motion, adidas abandoned any claim that consumers were likely to be confused at the point of purchase, and asserted only confusion in a post-sale environment. (ECF No. 60 at 3.) At the preliminary injunction hearing, adidas narrowed its claim even further, contending only that confusion could occur if someone were observing a Skechers shoe in a post-sale setting from a distance. (12/15/15 Hearing Tr. at 59:5-9.) Under this theory, the 51271 WNV and 51271 BBK models present virtually no likelihood of confusion. At the distance from which adidas asserts that observers would be confused, where Skechers' serial branding would allegedly also not be visible, the white-on-white and black-on-black color pattern on the side-panel designs of the shoes would also make it impossible to discern any number of strips that are even arguably confusingly similar to adidas' three-stripe mark.

Finally, adidas has presented no survey data or other evidence supporting a claim that the 51271 WNV and 51271 BBK Cross Court TR shoes are likely to cause confusion, whether post-sale or otherwise. Nor has it offered any evidence on the other *Sleekcraft* factors or of irreparable harm related to these shoes. Accordingly, Skechers' 51271 WNV and 51271 BBK

PAGE 7 -   DEFENDANT'S MOTION FOR CLARIFICATION

shoe models cannot fairly be characterized as falling within the scope of the Preliminary Injunction.

### III. CONCLUSION

For the foregoing reasons, Skechers respectfully requests clarification that the Court's February 12, 2016 Preliminary Injunction does not prohibit Skechers from manufacturing, distributing, advertising, selling, or offering for sale Skechers' model 51271 WNV and 51271 BBK shoes.

DATED: February 24, 2016

LANE POWELL PC

By _____
Kenneth R. Davis II, OSB No. 971132
Parna A. Mehrbani, OSB No. 053235
Telephone: 503.778.2100

O'MELVENY & MYERS LLP
Daniel M. Petrocelli (*pro hac vice*)
dpetrocelli@omm.com
Mark A. Samuels (*pro hac vice*)
msamuels@omm.com
Jordan Raphael (*pro hac vice*)
jraphael@omm.com400 S Hope Street, Suite 1800
Los Angeles, California 90071
Telephone: 213.430.6000

Attorneys for Defendant Skechers USA, Inc.

PAGE 8 -   DEFENDANT'S MOTION FOR CLARIFICATION

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

711045.0001/6444900.2