IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ADIDAS AMERICA, INC., a Delaware corporation; ADIDAS AG, a foreign entity; and ADIDAS INTERNATIONAL MARKETING B.V., a foreign entity,<br><br>        Plaintiffs,<br><br>    v.<br><br>SKETCHERS USA, INC., a Delaware corporation,<br><br>        Defendant. | No. 3:15-cv-01741-HZ<br><br>OPINION & ORDER |

Stephen M. Feldman
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209

OPINION & ORDER - 1

R. Charles Henn Jr.
Charles H. Hooker III
Nichole D. Chollet
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

       Attorneys for Plaintiffs

Kenneth R. Davis II
Parna A. Mehrbani
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204

Daniel M. Petrocelli
Mark A. Samuels
Jordan Raphael
O'Melveny & Myers LLP
5400 South Hope Street, Suite 1800
Los Angeles, California 90071

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

       Before the Court is adidas's motion to strike changes made by Sketchers's witness Kathy Kartalis to her previous deposition testimony. See Pl's. Mot. to Strike Def's. Errata Sheet [hereinafter "Mot. to Strike"], ECF 123. Kartalis previously testified, in relevant part, about Sketchers's profit and costs as they relate to the disputed footwear in this case. Adidas used Kartalis's testimony to calculate Sketchers's total profit. Shortly thereafter, Kartalis changed her testimony, adding qualifiers to some of her answers. Adidas now seeks to strike those changes on the ground that they contradict her previous unambiguous sworn deposition testimony. For the reasons discussed below, adidas's motion is denied.

//

OPINION & ORDER - 2

BACKGROUND

Adidas alleges trademark infringement and other related claims against Sketchers for producing and marketing footwear strikingly similar to adidas's footwear. Adidas seeks, in part, disgorgement of Sketchers's profit as relief for the alleged infringement. In order to calculate Sketchers's profit, on July 27, 2016, Adidas took a Rule 30(b)(6) deposition of Kartalis on a variety of topics including "[p]rofits and losses associated with the disputed footwear," "[a]ll costs or expenses related to the manufacture, sale, and distribution of the disputed footwear," and "[a]ny element of cost or deduction Sketchers claims under 15 U.S.C. § 1117." Henn Decl. Ex. 1 at 9, ECF 124. During the deposition, opposing counsel used three separate documents produced by Sketchers, each titled "US Landed Total," to question Kartalis about how she calculated Sketchers's profit and costs. See Raphael Decl. Exs. 2–5, ECF 128. Kartalis explained that the documents reflected "landed costs" of the disputed footwear, which includes "the import duty, plus the freight – the freight rate" and the cost of manufacturing the disputed footwear. Id. Ex. 2 at 23–24. Kartalis testified that the documents may have disclosed only gross profit rather than net profit. Id. at 18–21. Sketchers's counsel responded that "we will follow up and find out if it's gross or net revenues. Let's assume for the moment that it's gross revenues, which you said." Id. at 20.

On September 16, 2016, adidas's financial expert John Plumpe submitted his opening report calculating Sketcher's profit. Henn Decl. Ex. 4. Plumpe testified that he relied upon Kartalis's deposition and the "US Landed Total" documents to make his report. Id. at 29. Plumpe calculated that Sketchers's total net profit from the disputed footwear during the relevant period was approximate $4.6 million. Id. at 30. On the same day, Sketchers's financial expert William Ackerman submitted his report on the same topic. Raphael Decl. Ex. 6. Ackerman calculated that

Sketchers's net profit from the disputed footwear was $1,937,680. Id. at 3. Ackerman relied on Kartalis's deposition and accompanying documents as well as three additional sources that Plumpe did not consider: Sketchers's overhead costs; general and administrative expenses; and income tax. Id. at 5–7.

On September 29, 2016, Kartalis submitted her errata sheet containing eighteen total changes to her deposition testimony. Raphael Decl. Ex. 7. The changes at issue involve Kartalis adding qualifiers to several of her answers using the phrases "for landed costs" or "to determine gross profit." Id. For example, adidas's counsel asked: "Exhibit 58 contains all of the costs that Sketchers incurred in connection with the Onix shoe; correct?" Kartalis originally replied "Correct." Id. at 2. She then modified that answer in her errata sheet to "Correct, for landed costs." Id.

On October 14, 2016, Plumpe submitted his rebuttal report, attacking Ackerman's report on the grounds that it relied on improper expenses to calculate a low net profit. Raphael Decl. Ex. 8 at 3, 6–7. On January 3, 2017, Sketchers took a supplemental deposition of Plumpe. Raphael. Supp. Decl. Ex. 1, ECF 129-1. Plumpe testified that adidas did not include Kartalis's errata sheet in the list of documents it provided to him to make his rebuttal report. Id. at 5–6. Plumpe further testified that, after reviewing the errata sheet, it did not affect his calculation of profit. Id. at 7–8.

## STANDARDS

Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to review her testimony and make "changes in form or substance." Fed. R. Civ. P. 30(e). This rule permits corrective and not contradictory changes. See Humbleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1225–26 (9th Cir. 2005). The Ninth Circuit recognizes a "sham rule"

whereby the party may move to strike corrections if they constitute an attempt to manufacture an issue of material fact to avoid summary judgment. Id. at 1224–25. To determine whether Rule 30(e) corrections are prohibited tactical attempts to evade summary judgment, courts can consider: "circumstances including the number of corrections, whether the corrections fundamentally change the prior testimony, the impact of the corrections on the cases (including whether they pertain to dispositive issues), the timing of the submission of corrections, and the witness's qualifications to testify." Karpenski v. Am. Gen. Life Companies, LLC, 999 F. Supp. 2d. 1218, 1224 (W.D. Wash. 2014). "Even where the court finds that errata are not shams, the court may still strike portions that constitute contradictory rather than corrective changes." Id.

## DISCUSSION

Generally, the "sham" rule has been applied in the summary judgment context; however, corrections may constitute shams in other contexts as well. In this case, adidas's alleges that Kartalis's corrections were made for the "sham" purpose of undermining Plumpe's report. The parties' profit calculations differ by more than $2.6 million dollars and whether Kartalis's corrections are stricken may have a bearing on the issue of damages at a later stage in this case.[1]

The Court finds that Kartalis's clarifications were made for corrective and not contradictory purposes. Kartalis's errata sheet contains sixteen corrections designated as clarifications. Raphael Decl. Ex. 7. As discussed above, most of those corrections added the qualifiers "landed costs" and "gross profit" to several of Kartalis's answers. When the corrections are read in context of the surrounding portions of the deposition, it becomes apparent that there was some confusion on Kartalis's part as to whether the "US Landed Costs" documents accounted for gross or net profit. Further, adidas's counsel assumed that the costs were gross, informed Kartalis that they would "follow up and find out if it's gross or net

---

[1] Adidas is not disputing the validity of Ackerman's report in this motion.

revenues," and told Kartalis that she would have an opportunity to correct the deposition transcript. Raphael Decl. Ex. 2 at 20.

Regarding the timing of the submission, Kartalis submitted her errata sheet within the parties' agreed upon time frame and two weeks before Plumpe submitted his rebuttal report. Plumpe would have had an opportunity to respond to the errata sheet if adidas had produced it for him. In any event, Plumpe stated that he based his profit calculations solely on what adidas gave to him and that Kartalis' errata sheet had no effect on his calculations. In sum, the Court finds that Kartalis' corrections were made as part of a good faith effort to clarify her deposition testimony and her errata sheet was not submitted for tactical "sham" purposes. "Landed costs" and "gross profit" came up several times during Kartalis's deposition and her corrections adding those clarifications are consistent with, rather than contradictory to, her deposition testimony.

## CONCLUSION

Adidas's motion to strike Kartalis's errata sheet [123] is DENIED. Relatedly, Sketchers's unopposed motion to supplement the record relating to adidas's motion [129] is GRANTED.

Dated this 30 day of January, 2017.

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 6